UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICAH W. RICHARDSON, | ) | 1:12-cv-00640 MJS HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR |
| | ) | WRIT OF HABEAS CORPUS |
| v. | ) | |
| | ) | (Doc. 1) |
| | ) | |
| RIOS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has consented to Magistrate Judge jurisdiction. (ECF No. 4.)

    Petitioner filed the instant petition for writ of habeas corpus on April 23, 2012. He is currently serving a sentence of 13 years for convictions sustained on June 2, 2008, in the United States District Court for the Western District of Wisconsin for distribution of cocaine base. (See Judgment, ECF No. 94, Case No. 08-CR-149-C03, W.D. Wis.) On November 16, 2011, Petitioner's sentence was modified to 8 years and 4 months. (ECF No. 184.) Petitioner claims he is innocent of the offense based on various constitutional deprivations at trial. (See generally Pet., ECF No. 1.)

I.    **SCREENING THE PETITION**

    Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); Jeffries v. Wood, 114

F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

## II. JURISDICTION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988). In such cases, only the sentencing court has jurisdiction. Id. at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a

E. D. California

-2-

sentence's execution must be brought pursuant to § 2241 in the custodial court."); Tripati, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez, 204 F.3d at 865. Here, Petitioner is challenging the validity and constitutionality of his conviction. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

The Ninth Circuit has recognized a narrow exception allowing a federal prisoner authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by motion under § 2255 is "inadequate or ineffective to test the validity of his detention." Alaimalo v. United States, 636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of § 2255." Id. Furthermore, § 2255 petitions are rarely found to be inadequate or ineffective. Aronson v. May, 85 S.Ct. 3, 5, 13 L. Ed. 2d 6 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

Following his conviction, Petitioner filed an appeal which was denied by the United States Court of Appeal for the Seventh Circuit. See United States v. Richardson, 381 Fed. Appx. 611 (7th Cir. 2010). Petitioner also filed a petition for relief under § 2255 in the court of conviction. (See Order, ECF No. 180, August 26, 2011, Case No. 08-CR-149-C03, W.D. Wis.). The petition was denied on August 26, 2011. Id. In the Petition, Petitioner raised the same arguments presented in this petition regarding being charged with more cocaine base than was found in his possession and ineffective assistance of counsel. The petition was denied and the claims denied in a reasoned decision on the merits.

Petitioner has not claimed that he did not have an unobstructed opportunity to present

1  his claims in his § 2255 motion and he must now raise it by way of a § 2241 petition. In
2  addition, despite claiming actual innocence, Petitioner has failed to present any facts to show
3  that his claims qualify under the savings clause of section 2255 based on "actual innocence."
4  In <u>Bousley v. United States</u>, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998), the
5  Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate
6  that, in light of all the evidence, it is more likely than not that no reasonable juror would have
7  convicted him." <u>Id.</u> at 623 (internal quotation marks omitted). <u>See also</u> <u>Ivy v. Pontesso</u>, 328
8  F.3d 1057, 1060 (9th Cir. 2003). Petitioner bears the burden of proof on this issue by a
9  preponderance of the evidence, and he must show not just that the evidence against him was
10 weak, but that it was so weak that "no reasonable juror" would have convicted him. <u>Lorentsen</u>
11 <u>v. Hood</u>, 223 F.3d 950, 954 (9th Cir. 2000). Petitioner only asserts that he was convicted of
12 possession of a greater amount of cocaine than he possessed on his person, not that he is
13 factually innocent of any criminal behavior.

14       Based on the foregoing, the Court finds that Petitioner has not demonstrated Section
15 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Accordingly,
16 Section 2241 is not the proper avenue for raising Petitioner's claims, and the petition should
17 be dismissed for lack of jurisdiction.

18 **III.    CERTIFICATE OF APPEALABILITY**

19       A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal
20 a district court's denial of his petition, and an appeal is only allowed in certain circumstances.
21 <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining
22 whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

23      (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court
24      of appeals for the circuit in which the proceeding is held.

25      (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial
26      a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

27
28      (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, reasonable jurists would not find to be debatable or wrong the Court's determination that Petitioner is not entitled to federal habeas corpus relief nor would they find petitioner deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby declines to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus be DISMISSED;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   May 30, 2012            /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE